IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORGAN DECOWSKI, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:20-cv-02558 |
| v. | )<br>)<br>) **CLASS ACTION COMPLAINT** |
| CONCEIVE MEDIA LLC d/b/a LEROCHE BENICOUER CONSUMER HEALTHCARE, CONCEIVE EASY, and FERTIBELLA, and DOES 1-20, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

**CLASS ACTION COMPLAINT**

Now comes the Plaintiff, MORGAN DECOWSKI, by and through her attorneys, and brings this class action complaint against Defendants, CONCEIVE MEDIA LLC d/b/a LEROCHE BENICOUER CONSUMER HEALTHCARE, CONCEIVE EASY, and FERTIBELLA, and DOES 1-20, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In support thereof, Plaintiff alleges and states as follows:

**INTRODUCTION**

1. Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et. seq.* (the "EFTA").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants in debiting Plaintiff's and the Class members' bank accounts on a recurring basis without obtaining a written authorization from Plaintiff and the class

1

members, signed or similarly authenticated, for preauthorized electronic fund transfers. Such actions violated 15 U.S.C. § 1693e, and possibly other sections of the EFTA and its surrounding regulations. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, as it arises under a law of the United States, the EFTA.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff, MORGAN DECOWSKI ("Plaintiff"), is an individual who was at all relevant times residing in Ottawa, Illinois.

6. On information and belief, Defendant CONCEIVE MEDIA LLC d/b/a LEROCHE BENICOUER CONSUMER HEALTHCARE, CONCEIVE EASY, and FERTIBELLA ("Conceive") is a limited liability company of the State of Delaware, which has its principal place of business in Seaside, California.

7. The true names and capacities of the Defendants sued herein as DOES 1-20 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

**ALLEGATIONS OF FACT**

8. On or about March 29, 2019, Plaintiff signed up for a free trial of Defendant Conceive's product known as Conceive Easy and/or FertiBella through Defendant Conceive's online advertisement.

9. Defendant Conceive's advertisement offered Plaintiff an opportunity to try its product for free, with the following stipulation: "S&P APPLIES. SELECT YOUR FREE BONUS GIFTS ($72 VALUE) YOURS TO KEEP JUST FOR TRYING FERTIBELLA FREE!"

10. Plaintiff's decision to sign up for this free trial was induced by, and Plaintiff relied upon, Defendant Conceive's representations that the trial was a free product offer that would only charge Plaintiff for the shipping and processing necessary to send the product to her.

11. If the offer had not been advertised and represented to her as a free trial, Plaintiff would not have given Defendants her personal information or and/or debit card number.

12. Unbeknownst to Plaintiff, her purchase of the "free trial" product led to a subsequent debit card charge and transfer from her bank account on April 30, 2019, initiated by Defendants, in the amount of $79.90, for a "2-Month Conceive Easy TTC Starter Kit."

13. The debit card charge and electronic fund transfer referenced in paragraph 12 above was made without Plaintiff's prior authorization and without advanced notice to Plaintiff.

14. Defendants did not provide to Plaintiff, nor did Plaintiff sign, execute or similarly authenticate any authorization for the debit card charge and electronic fund transfer referenced in paragraph 12 above.

15. Due to Defendants' unauthorized debit card charge and electronic fund transfer from Plaintiff's account, to which Plaintiff never agreed, Plaintiff's bank account was overdrawn, causing Plaintiff to incur overdraft fees.

16. Defendants' activities as alleged above are in violation of the EFTA and its surrounding regulations, including, but not limited to, the sections set forth above.

17. As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries, harm and damages, which include, but are not limited to, the loss of funds from her bank account, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

18. Defendants' actions as described herein are part of a pattern and practice used to earn monthly sums from consumers, like Plaintiff, who believe they have merely signed up to receive a free trial product in exchange for a nominal shipping and handling fee.

## CLASS ALLEGATIONS

19. Plaintiff bring this action on behalf of herself and all others similarly situated, as members of the proposed class (the "Class") defined as follows:

> All persons in the United States whose debit cards were charged or whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, within the one year prior to the filing of this Complaint through the date of class certification.

20. Defendants, their employees, and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

21. The Class is so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds, if not thousands of members.

Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendants.

22. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

23. There are questions of law and fact common to the Class members affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. Whether the Class members' debit cards were charged or bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers;

    b. Whether Plaintiff and the Class members have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and the proper measure and appropriate formula to be applied in determining such damages and restitution; and

    c. Whether Plaintiffs and the Class members are entitled to declaratory and/or injunctive relief.

24. As a resident of the United States, whose debit card was charged and whose bank account was debited by Defendants without Defendants obtaining a written authorization signed

or similarly authenticated for preauthorized electronic fund transfers, Plaintiff is asserting claims that are typical of the Class.

25. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class.

26. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

27. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

28. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

29. Defendant has acted or refused to act in respect generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I
## VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. § 1693, *et seq.*

30. Plaintiffs incorporates all of the allegations and statements made in paragraphs 1 through 29 above as if fully reiterated herein.

31. 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

32. 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means an "electronic fund transfer authorized in advance to recur at substantially regular intervals."

33. 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

34. 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶ 10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶ 10(b), comment 6.

35. In multiple instances, Defendants have debited Plaintiff's and the Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and the Class members' bank accounts, thereby violating 15 U.S.C. § 1693e(a) and 12 C.F.R. § 205.10(b).

36. In multiple instances, Defendants have debited Plaintiff's and the Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the Class members for preauthorized electronic fund transfers, thereby violating 15 U.S.C. § 1693e(a) and 12 C.F.R. § 205.10(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. Declaring that this action is properly maintainable as a Class Action, certifying Plaintiff as the Class representative, and Plaintiff's counsel as the Class counsel;

b. An order requiring Defendants, at their own cost, to notify all Class members of the unlawful conduct herein;

c. Actual damages suffered as a result of Defendants' violations of the EFTA, pursuant to 15 U.S.C. § 1693m(a)(1);

d. Statutory damages, pursuant to 15 U.S.C. § 1693m(a)(2)(B), to be distributed to the Class, in any amount as the Court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery shall not be more than the lesser of $500,000 or 1 per centum of the net worth of Defendants;

e. Awarding Plaintiffs and the Class members reasonable attorneys' fees, litigation costs, and related expenses incurred in this Action, pursuant to 15 U.S.C. § 1693m(a)(3);

f. Awarding pre-judgment interest and post-judgment interest as allowed by law; and

      g.      Awarding Plaintiff and the Class members such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues related to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

MORGAN DECOWSKI

By:    /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        333 Skokie Blvd., Suite 103
        Northbrook, IL 60062
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com